

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1248-14

---

### ROBERT JACKSON CRIDER, II, Appellant

### v.

### THE STATE OF TEXAS

---

### DISSENT TO REFUSAL TO GRANT
### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### COLLIN COUNTY

---

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

This case involves a traffic stop for failure to signal a turn at a "Y" intersection. The two branches of the "Y" are Vinson Road and County Line Road; the base of the "Y" is FM544. Appellant, traveling on Vinson, failed to signal a turn when he reached and continued onto FM544.

We have held that a turn signal is required only when a vehicle deviates from the direct course of the roadway.[1] Under this definition, at the place where Vinson meets FM544, a driver

---

[1] *Mahaffey v. State*, 316 S.W.3d 633, 639 (Tex. Crim. App. 2010).

coming from either direction would seem to be following the normal course of the roadway, while one traveling from Vinson to County Line would appear to be deviating from the direct course of the roadway, i.e., turning.  Faced with little guidance from this Court, the court of appeals held that appellant executed a turn when he continued onto the base of the "Y" intersection because "the direct flow of traffic terminated" at the intersection.[2]

There are a number of issues that might—or might not—bear on the answer to whether a turn signal is required at a "Y" intersection.  Do all "Y" intersections require a turn signal?  Does it matter which part of the "Y" intersection the driver is traveling from?  Do the angles of the "Y" intersection matter?  In this case, Appellant had a stop sign.  Does the presence of one or more stop signs make a difference?  Does it matter whether the name of one branch of the "Y" and the base are the same?  These are questions of law,[3] but there are no definitive answers to any of these questions.  I would grant review to answer these questions, so that motorists and police officers will know what the law requires.  Because the Court does not, I respectfully dissent.

Filed: February 25, 2015
Publish

---

[2] *Crider v. State*, No. 08-12-00332-CR, slip op. at 6 (Tex. App.–El Paso June 30, 2014) (not designated for publication).

[3] *Robinson v. State*, 377 S.W.3d 712, 722 (Tex. Crim. App. 2012) ("The only disagreement in this case was not about the character of the roadway, but about the legal significance of the character of the roadway.  The question whether the appellant was required to use his turn signal was therefore a question of law.").